IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER TYSON BRINKLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LELAND DUDEK, Acting Commissioner ) <br> of the Social Security Administration,[1] ) <br> ) <br> Defendant. ) | Case No. CIV-24-00468-JD |

## ORDER

Before the Court is United States Magistrate Judge Chris M. Stephens's Report and Recommendation ("R. & R.") issued on November 12, 2024. [Doc. No. 12].

Judge Stephens recommends that the Court reverse and remand the decision of the Commissioner for further administrative proceedings. [Doc. No. 12 at 7].[2] Defendant Commissioner of Social Security ("Defendant") made a timely objection to the R. & R. [Doc. No. 13]. The Court, therefore, must make a *de novo* determination regarding the issues raised in Defendant's objection and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

For the reasons outlined below, the Court adopts the R. & R.

---

[1] Leland Dudek is the Acting Commissioner of the Social Security Administration. Accordingly, under Federal Rule of Civil Procedure 25(d), Mr. Dudek is hereby substituted for Martin O'Malley. Following this Order, captions for all filings going forward should reflect this change.

[2] For purposes of this Order, the Court cites to the page number at the top of the CM/ECF document.

**I.     BACKGROUND**

The Commissioner's decision that Plaintiff is not disabled is set forth in a written decision issued by an Administrative Law Judge (the "ALJ") after a telephone hearing. [Doc. No. 5-2 at 18]. The ALJ concluded Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026, and that Plaintiff had not engaged in substantial gainful activity since March 28, 2022, the alleged onset date. [Doc. No. 5-2 at 20]. At Step Two, the ALJ found Plaintiff has the following severe impairments: multiple sclerosis, cognitive dysfunction, depression, and anxiety. [*Id.*]. At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. [*Id.* at 21]. In connection with his Step Four analysis, the ALJ concluded Plaintiff has the Residual Functional Capacity ("RFC") to perform light work with certain exertional and nonexertional limitations. [*Id.* at 23–24]. The ALJ concluded that, at Step Four, he did not have to consider whether Plaintiff could perform past relevant work because "all potentially applicable Medical-Vocational Guidelines direct a finding of 'not disabled' . . . ." [*Id.* at 34]. At Step Five, the ALJ concluded significant jobs exist in the national economy that Plaintiff can perform, considering his age, education, and RFC. [*Id.* at 35].

Plaintiff sought judicial review of the decision denying him benefits. [Doc. Nos. 1, 7]. Plaintiff raised numerous points of error in his Opening Brief. [*See* Doc. No. 7]. However, because Judge Stephens ultimately concluded his first point of error justified remand, the R. & R. only addresses Plaintiff's first argument, which is the ALJ failed to

2

consider relevant evidence regarding nonexertional limitations in formulating Plaintiff's RFC. [Doc. No. 12 at 4–7].

One of the nonexertional limitations Plaintiff claims affects his RFC is his inability to tolerate heat. [Doc. No. 7 at 10]. As discussed in the R. & R., Plaintiff's inability to tolerate heat is reflected in his Adult Function Reports and in his testimony at the hearing before the ALJ. [Doc. No. 12 at 5]. The ALJ found that Plaintiff's statements were "not entirely consistent with the medical evidence and other evidence in the record[,]" citing specifically that "[t]reatment notes do not mention inability to tolerate heat." [*Id.*]. The ALJ referenced the medical opinion of one of Plaintiff's providers, Anthony Sharp, who referenced "[e]xacerbating symptoms . . . due to heat exposure." [Doc. No. 5-2 at 34]. The ALJ, however, discounted his opinion, finding his treatment notes did not support his statement and generally placing more emphasis upon the opinions of state agency consultants. [*See id.*].

Judge Stephens concluded that, in light of the ALJ's determination that treatment notes did not support a limitation upon Plaintiff's RFC related to heat tolerance, the ALJ erred by not considering the treatment notes of Amy Thiessen, PT ("Thiessen"), and Tania Reyna, M.D. ("Dr. Reyna"), both of whom treated Plaintiff before the alleged onset date. [Doc. No. 12 at 5–6]. The ALJ did not discuss their treatment notes in his decision. Accordingly, the R. & R. recommends that the Court reverse and remand for further consideration. [*Id.* at 7].

In Defendant's objection to the R. & R., he raises three arguments. [Doc. No. 13]. First, Defendant asserts that the ALJ's determination regarding Plaintiff's heat tolerance

was proper because the treatment notes predate the alleged onset of Plaintiff's disability by many years. [*Id.* at 2]. Second, Defendant states that the ALJ did consider the treatment notes because he cited to them in his decision. [*Id.*]. Third, Defendant claims the ALJ correctly relied upon the prior administrative medical findings of Dr. Bell and Dr. Spence regarding Plaintiff's heat-related limitations. [*Id.* at 2–3].

For the reasons discussed below, the Court adopts the R. & R.

## II.    ANALYSIS

As discussed above, the Court must make a *de novo* determination regarding the issues raised in Defendant's objection and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court's review is limited to determining if the ALJ's decision was supported by substantial evidence and whether he applied the correct legal standards. *Gay v. Sullivan*, 986 F.2d 1336, 1338 (10th Cir. 1993). "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (per curiam) (citation omitted).

Defendant first argues that the R. & R. identifies records that predate Plaintiff's alleged onset date of disability, thus they do not document Plaintiff's heat tolerance during the time period he was disabled. [Doc. No. 13 at 2]. Notably, Defendant cites no authority supporting his assertion that the ALJ should only consider medical evidence during the current disability period. [*See id.*]. The Tenth Circuit has specifically required an ALJ to consider medical opinions and treatment notes that predate the alleged onset

4

date of disability. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1216 (10th Cir. 2004) (concluding that the ALJ did not adequately consider the claimant's treating physician's opinions and treatment notes predating the alleged onset date in his current application for disability). The fact that the treatment notes cited by the R. & R. predate the onset date does not relieve the ALJ of the duty to consider them at all. Accordingly, the Court rejects Defendant's first basis for objecting to the findings in the R. & R.

Second, Defendant states that the ALJ did consider the records discussed in the R. & R., as evidenced by the ALJ's citation to those records. [Doc. No. 13 at 2]. In support of this argument, Defendant cites to several pages in the administrative record that he alleges the ALJ cited in his decision. [*Id.*]. The Court, however, finds that those citations are not citations to the records Judge Stephens concluded the ALJ should have considered, specifically the treatment notes of Thiessen and Dr. Reyna. [Doc. No. 12 at 5–6]. Judge Stephens cites to those records at AR 298, 308, 422, 426, 434.[3] [*Id.* at 6]. Each of those pages is part of the treating notes of Thiessen or Dr. Reyna. [*See* Doc. No. 5-7 at 13, 23, 137, 141, 149]. The following pages referenced by Defendant, however, are not: AR 388 (treatment notes of Anthony Sharp), AR 391 (treatment notes of Anthony Sharp), AR 382 (treatment notes of Dr. Chelsea Berkley), AR 392 (treatment notes of Anthony Sharp), AR 385–87 (treatment notes of Dr. Chelsea Berkley), and AR 287 (opinion of Anthony Sharp). [Doc. No. 5-7 at 103, 106, 97, 107, 100–02, 2]. Even if the ALJ did cite to the treatment notes of Thiessen and Dr. Reyna, the Court is not convinced

---

[3] These correspond to Doc. No. 5-7 at 13, 23, 137, 141, 149.

that mere citation would have satisfied the ALJ's responsibility to address why he discredited that medical evidence, as discussed more fully below. For these reasons, the Court does not find Defendant's second argument regarding the R. & R. persuasive.

Lastly, Defendant claims the ALJ properly relied upon the findings of Walter Bell, M.D., and William Spence, M.D., when determining Plaintiff has no heat-related limitations. [Doc. No. 13 at 2–3]. In examining the ALJ's determination that Plaintiff does not have a nonexertional limitation related to his ability to tolerate heat, the Court's role is to determine if substantial evidence supports the ALJ's decision. *See, e.g.*, *Hereden v. Apfel*, No. 98-7084, 185 F.3d 874, 1999 WL 401711, at *3 (10th Cir. June 18, 1999) (unpublished table decision) (examining the evidence of record pertaining to claimant's asserted nonexertional limitation of "significant loss of sensation in his lower extremities" to determine if "substantial record evidence [supported] the ALJ's analysis of this alleged nonexertional impairment"). As discussed above, the ALJ did not rely upon Plaintiff's own testimony, the Adult Function Reports, or the opinion of Anthony Sharp regarding Plaintiff's ability to tolerate heat. Instead, the ALJ relied upon the opinions of Dr. Bell and Dr. Spence, who did not find that Plaintiff has a heat-related limitation. [Doc. No. 5-2 at 34]. In doing so, the ALJ did not address the conflicting treatment notes of Thiessen or Dr. Reyna, who both indicated Plaintiff had to make adjustments due to lack of heat tolerance.

In relying upon Dr. Bell's and Dr. Spence's opinions to determine Plaintiff's nonexertional limitation relating to heat tolerance, the ALJ was obligated to weigh contradictory evidence and explain why he did not give that evidence weight. "[I]n

addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). The Court cannot determine if the ALJ properly relied upon Dr. Bell's and Dr. Spence's opinions because the Court cannot determine why he rejected the treatment notes of Plaintiff's treating physicians. "The ALJ should not pick and choose among comments in medical reports, relying on some while disregarding others." *Hereden*, 1999 WL 401711, at *3. Because the ALJ did not fully discuss the relevant evidence pertaining to Plaintiff's ability to tolerate heat, the Court concludes his decision is not supported by substantial evidence. Accordingly, the Court rejects Defendant's argument that the ALJ properly relied upon the opinions of Dr. Bell and Dr. Spence because the ALJ failed to explain why he discredited contradictory evidence.

### III. CONCLUSION

For the reasons outlined above, the Court overrules the objections of Defendant and adopts the Report and Recommendation of Judge Stephens. Accordingly, the Court **ACCEPTS** the Report and Recommendation [Doc. No. 12] and **REVERSES** and **REMANDS** the decision of Defendant for further proceedings. A separate judgment in favor of Plaintiff will follow.

IT IS SO ORDERED this 4th day of April 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE